## Dougherty v. Muhlenberg Township Civil Service Commission

C.P. of Berks County, no. 99-6424.

*Leonard N. Herb,* for petitioner.
*Eugene C. LaManna,* for respondents.

STALLONE, *J.,* June 13, 2000—The petitioner, Corporal Thomas P. Dougherty, has been employed by the Muhlenberg Township Police Department for the past 21 years.[1] On October 3, 1998, Sergeant Todd A. Graeff of the Muhlenberg Township Police Department filed a written complaint against Corporal Dougherty with Kirk Trate, who at that time was deputy chief of the Muhlenberg Township Police Department, which contained four separate allegations of misconduct: (1) discourtesy; (2) insubordination; (3) conduct unbecoming an officer; and (4) noncompliance with departmental orders. These allegations arose out of incidents which had allegedly occurred on August 13, 1998 and Septem-

---

1. He has been a corporal for 15 of those 21 years.

ber 30, 1998.[2] This complaint, as we now know, sets forth not only the specific allegations of misconduct against Corporal Dougherty, but also the evidence which allegedly supported those allegations.

After receiving the complaint, Deputy Chief Trate ordered Sergeant Herbert B. Roth of the Muhlenberg Township Police Department to conduct an internal investigation of the matter. Upon completing his investigation, Sergeant Roth prepared and signed a one-half page document which is captioned as a "Notification of complaint,"[3] and summarizes the four allegations of misconduct against Corporal Dougherty but does not cite any of the evidence set forth in Sergeant Graeff's October 3, 1998 complaint. The "Notification of complaint" reads as follows:

"Corporal Thomas P. Dougherty . . . Muhlenberg Twp. P.D.

"You are hereby notified that a complaint has been received concerning an incident in which you are alleged to have been involved. The details of the complaint are as follows:

"that you were unwilling to obey lawful departmental orders, policies and directives. This occurred when you were asked to conduct traffic checks and to comply with directives regarding foot patrols, security checks and patrol checks. Furthermore you were insubordinate in your contact and interaction with Sergeant Todd A. Graeff who was supervising your work shift. You also violated

---

2. This document is marked as "attachment 1" in the certified record filed with this court.

3. This document is marked as "attachment 3" in the certified record filed with this court.

the courtesy provisions of the department Rules of Conduct in that you used insulting, profane and demeaning language in your interaction with Sergeant Graeff."

At a meeting held on October 21, 1998, Sergeant Roth and Robert Flanagan, chief of police of the Muhlenberg Township Police Department, served the "Notification of complaint" on Corporal Dougherty and asked him to sign it. Corporal Dougherty refused to do so because Chief Flanagan did not grant his request for a copy of Sergeant Graeff's October 3, 1998 complaint, citing an unwritten policy of the Muhlenberg Township Police Department not to provide a copy of a written complaint to the subject of an ongoing investigation when the subject has not given either a statement or other response to the subject matter of a complaint. Corporal Dougherty made the same request of Sergeant Roth on December 8, 1998, but his request was again refused for the same reason.

On January 12, 1999, Chief Flanagan provided Corporal Dougherty with an undated and unsigned copy of a two-page document captioned "Internal investigation,"[4] and asked Corporal Dougherty to respond to it. However, this document merely contained a series of general statements describing Corporal Dougherty's conduct subsequent to the filing of Sergeant Graeff's October 3, 1998 complaint and did not refer either to Corporal Dougherty by name or to any evidence allegedly supporting the misconduct charges against him. Interestingly, there is also a two-page document in the record captioned as a

4. This document is marked as "attachment 7" in the certified record filed with this court.

"General investigation report"[5] dated December 8, 1998, which contains a partial summary of the evidence allegedly supporting the allegations of misconduct as contained in the complaint against Corporal Dougherty but which, like the October 3, 1998 written complaint, was never provided to Corporal Dougherty.

On January 13, 1999, Corporal Dougherty informed Chief Flanagan in writing that he could not respond in writing or otherwise to the charges of misconduct because he had not yet been given a copy of Sergeant Graeff's October 3, 1998 complaint, and that none of the documentation which he had received up to that time stated what he allegedly said and when he allegedly said it.[6] Immediately thereafter, Corporal Dougherty met with Deputy Chief Trate for a "question and answer" session about the charges, after which Deputy Chief Trate reduced his questions and Corporal Dougherty's answers to them to a writing.[7] In addition, that same day, notwithstanding his requests and the fact that he still had not received a copy of Sergeant Graeff's written complaint, Corporal Dougherty submitted a three-page written response to the "Internal investigation" report provided to him the preceding day by Chief Flanagan.[8]

On January 15, 1999, Corporal Dougherty appeared for a "pre-disciplinary hearing" before Chief Flanagan.

---

5. This document is a part of "attachment 7" in the certified record filed with this court.

6. This document is marked as "attachment 8" in the certified record filed with this court.

7. This document is marked as "attachment 9" in the certified record filed with this court.

8. This document is marked as "attachment 10" in the certified record filed with this court.

The record indicates that the only thing that occurred at this time was that Chief Flanagan gave Corporal Dougherty the opportunity to: "verbally communicate to this officer or submit a to/from letter to this writer [Chief Flanagan] setting forth any facts that would benefit him with the final decision and determine any disciplinary action taken . . . ."[9]

Corporal Dougherty stated that he had nothing to add to what was already communicated to Chief Flanagan.[10]

On January 20, 1999, Chief Flanagan issued a written decision[11] suspending Corporal Dougherty without pay effective immediately until January 23, 1999.[12] Corporal Dougherty requested a hearing before the Muhlenberg Township Civil Service Commission,[13] which thereafter affirmed the suspension by decision dated June 9, 1999. Corporal Dougherty has now filed a petition for review with this court of common pleas, in which he contends that: (1) the civil service commission erred as a matter of law in concluding that, as a tenured public employee, he was accorded sufficient procedural due process rights

---

9. This statement appears in a written memorandum prepared by Chief Flanagan of what transpired at this hearing, which is marked as "attachment 12" in the certified record filed with this court.

10. See n.9, *supra.*

11. This document is marked as "attachment 11" in the certified record filed with this court.

12. As part of his suspension, Corporal Dougherty was required to turn in his badge, identification card and weapon, and was ordered not to identify himself as a police officer or take any official action during that four-day period.

13. The request for a hearing was made on Corporal Dougherty's behalf by Detective Dean R. Patton, president of the Muhlenberg Township Police Labor Organization.

before being suspended;[14] and (2) the civil service commission's findings of fact are not supported by substantial evidence.

In Pennsylvania, the standard of review of a local agency decision is well settled. Where, as here, a complete record was developed before the local agency, the reviewing court must affirm the decision unless it is determined that an error of law was committed or that material findings of fact are not supported by substantial evidence. *Public Advocate v. Philadelphia Gas Commission,* 544 Pa. 129, 137-38, 674 A.2d 1056, 1060 (1996). For the reasons which follow, we agree with Corporal Dougherty's argument relative to the procedural due process issue and, therefore, we need not reach his second argument challenging the civil service commission's findings of fact.

In the action at bar, the township does not dispute the fact that, under applicable law, Corporal Dougherty was entitled to some minimum amount of due process prior to being suspended. See brief of Muhlenberg Township at p. 3. The issue, however, is whether Corporal Dougherty in fact received that due process.

The minimum essential requirements of due process in cases involving the suspension or termination of tenured public employees are clear. In *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494, 506 (1985), which is the leading case in

---

14. The record discloses that this was one of the six issues presented for decision at the civil service commission hearings. N.T., civil service commission hearing, pp. 11-12. The civil service commission addressed this procedural due process issue in its June 9, 1999 decision.

this area of the law, the United States Supreme Court stated that, before a tenured public employee can be suspended or terminated:

"The tenured public employee is entitled to oral or written notice of the charges against him, *an explanation of the employer's evidence,*[15] and an opportunity to present his side of the story."

We have no hesitancy in finding that Corporal Dougherty was given written notice of the charges inasmuch as the record reveals that he was served with the "Notification of complaint" which restated each of the allegations of misconduct set forth in the written complaint. Similarly, there is no doubt that Corporal Dougherty had sufficient opportunity to present his side of the story, as he was permitted to submit a three-page letter, as well as other materials, to Chief Flanagan on at least two separate occasions, and had the opportunity to provide further information at the "pre-disciplinary hearing" held on January 15, 1999.

However, we understand *Loudermill* to require disclosure not only of the allegations supporting a particular charge, but also of the evidence which supports those allegations in order for the employee to have a fair opportunity to respond to the charges filed against him. *Id.* at 506-507. The "Notification of complaint" provided to Corporal Dougherty merely sets forth the allegations of misconduct, but does not include any evidence which allegedly supports those charges, including dates or times, as confirmed by the following testimony of Deputy Chief

---

15. All italic language in this opinion is for emphasis only.

Trate before the Muhlenberg Township Civil Service Commission:[16]

"Q: Does it [Notification of complaint] say anything in relationship to when that occurred?

"A: As to whether it has dates, no, it does not.

"Q: Does it say, specifically, what Sergeant Graeff accused him of doing or not doing?

"A: It does say, Furthermore, you were insubordinate in your contact with Sergeant Graeff who was supervising your work shift.

"Q: But it doesn't say how he was insubordinate?

"A: It doesn't say how. It doesn't say, specifically, on what shift." N.T., civil service commission hearing, April 8, 1999, p. 76.

Rather, the only place where that evidence appears is in Sergeant Graeff's October 3, 1998 complaint, which Corporal Dougherty was not permitted to review until after he was suspended, as is obvious from the following testimony of Deputy Chief Trate at the same civil service commission hearing:

"Q: Is it your understanding that Corporal Dougherty was not entitled to see this written complaint filed by the supervisor, Sergeant Graeff?

"A: At that point in our investigation, it's our policy that he is not entitled to see it. He is given the opportunity to know that there are charges against him. He is given administrative warnings which is the next exhibit in our book, exhibit 4. And then he is given an opportunity to make a statement in writing relative to what was presented to him on the notice of the complaint." N.T.,

---

16. Hearings on this matter were held before the civil service commission on April 8, 1999 and April 12, 1999.

civil service commission hearing, April 8, 1999, pp. 76-77.

We also note that, in his testimony before the civil service commission, Chief Flanagan attempted to justify this policy on the basis that an investigation of the type involved in this case is "administrative" and not criminal in nature. N.T., civil service commission hearing, April 8, 1999, pp. 88-89. However, we see no basis for this distinction anywhere in *Loudermill.*

Therefore, we are unable to conclude that Corporal Dougherty was given *an explanation of the employer's evidence* against him. For that reason, the township's failure to provide Corporal Dougherty with a copy of Sergeant Graeff's October 3, 1998 complaint at any time prior to his suspension did not comport with the minimum procedural due process requirements set forth in *Loudermill* and made his "pre-disciplinary hearing," as well as the civil service commission's decision dated June 9, 1999, which affirmed the suspension, essentially meaningless.

Finally, let us say that there is no question that a police officer is expected to conduct himself in such a way that he or she brings honor and respect to the law, which the officer is sworn and duty-bound to uphold. There is also no question that the public properly demands adherence to standards by law enforcement officers which are somewhat higher than those applied in many other professions. However, as the Commonwealth Court of Pennsylvania stated in *Cerceo v. Darby,* 3 Pa. Commw. 174, 183, 281 A.2d 251, 255 (1971):

"We cannot allow the law to be ignored and the rights of individuals to be abrogated at the hands of a seem-

ingly justified municipal government and an administrative agency. Government and its agencies owe the same fidelity as to officers to hew to the letter of the law. Government and its agencies can only engender public trust and confidence when their acts and orders are lawful and in a spirit of justice."

And so, for these reasons, we enter the following attached order.

## ORDER

And now, June 13, 2000, upon consideration of the petition for review filed by the petitioner, Corporal Thomas P. Dougherty, and the response thereto filed by respondent, Township of Muhlenberg, it is hereby ordered as follows:

(1) The June 9, 1999 decision of respondent, Muhlenberg Township Civil Service Commission, is reversed, thereby rendering null and void the suspension of the petitioner, without pay, for the four-day period between January 20, 1999 and January 23, 1999; and

(2) Back pay and benefits for that four-day period shall be paid by respondent, Township of Muhlenberg, to the petitioner no later than 30 days from the date of this order.